**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-31424
(Summary Calendar)
_____

SANDRA PREJEAN,

Plaintiff-Appellant,

versus

GELCO CORP., ET AL.,

Defendants;

NATIONAL UNION FIRE INSURANCE COMPANY
OF LOUISIANA; SPERRY SUN DIVISION OF
DRESSER INDUSTRIES INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(98-CV-2097)
_____
June 14, 2000

Before POLITZ, WIENER, and DENNIS, Circuit Judges:

PER CURIAM[*]

This is a Louisiana tort suit. Jurisdiction in the district court was based on diversity of citizenship. 28 U.S.C. § 1332. Plaintiff-Appellant Sandra Prejean was involved in a car crash with an employee of Defendant-Appellee Dresser Industries, Inc. After

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

a bench trial, the district court determined that Prejean failed to establish negligence on the part of the defendant's employee, and therefore held in favor of the defendants. The district court based its determination on the credibility of the witnesses. Specifically, the court found Prejean's account of the accident to be without credibility and the defendant's employee's testimony to be forthright and credible.

"Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed. R. Civ. P. 52(a). As we have repeatedly held, "the burden of showing that the findings of a district court are clearly erroneous is heavier if credibility of witnesses is a factor in the district court's determination. . . . A trial court's decision to credit the testimony of one, two, or more witnesses, each of whom has told a coherent, facially-plausible story that is not contradicted by extrinsic evidence, and can virtually never be clear error." Theriot v. Parrish of Jefferson, 185 F.3d 477, 490 (5th Cir. 1999) (internal citation omitted). Prejean's argument on appeal fails to surmount this high threshold. Moreover, the trial court not only found one party believable and the other not, it noted that the unbelievable party's testimony was contradicted by the extrinsic evidence and the believable party's testimony was supported by such evidence. These circumstances, coupled with the constant jurisprudence of this Court on the appellate review of a trial

2

court's credibility calls, make this appeal frivolous and thus subject to dismissal.

DISMISSED AS FRIVOLOUS.